Mr. Cooley May I please the court, my name is Daniel Kushner, Mr. Michael J. O'Farrell. This case turns on an issue of statutory interpretation. Below the board imposed on certain statutes relating to the service members leave benefits a listing requirement. Now on appeal both parties agree that the service member when trying to establish entitlement to leave benefits can provide evidence outside of the two additional statutory requirements. First a directness requirement and also a causation requirement. We believe that the correct construction of the statute, however, imposes only a temporal connection requirement. Let me ask another question. I haven't looked at this law for a long time. I raised it with my clerk this morning but we didn't have time to really research it. I recall back in the early 90s that if a military member was activated and came back to their employer and their as well as providing several remedies. Does that law still exist? Mr. Cooley I'm not familiar with that specific law but I will say that there are certain provisions set forth and discussed in the Fishgold case in the Supreme Court that state that if veterans or service members have to leave and get called into duty and then return that they are provided certain benefits. Those are veterans entitlements. I recall there being a criminal provision. You're not aware of it. I'll ask the United States, they should know. Mr. Cooley It does show the gravity of the situation and seriousness which Congress takes with this sort of a matter here. Mr. Daly Let me direct your attention to the language of the statute which is not exactly crystal clear. You're claiming under 6323B2B which talks about performing full-time military service as a result of a COLA order to active duty in support of a contingency operation. Then the definition of contingency operation in section 101 of the statute says that it has to be a military operation. I guess the question is what's meant by military operation, whether that means a military deployment. If your client for example had replaced somebody who was simply going on vacation and whose construction of military housing in Washington, D.C., would that be a military operation or not? Mr. Cooley So I guess there's two questions there. The first question is whether the individual who was departing, whether that individual was undertaking military operation. Then the individual who was replacing that individual, whether that person was undertaking military operation. I think the relevant question relates to the latter because as you, Judge Knight, correctly pointed out, the language of the statute requires that there be in support of a contingency operation and to understand that you go to the definition. What is a contingency operation? Let's understand. Congress has explicitly referred to section 101. In that they say a military operation which results in the COLA order to duty and then it provides a terminal of which, which is I would say a catch-all provision to sweep in unintended or missed provisions as any other provision of law. Now here I think the plain reading of military operation for that second individual is an operation of the military. This person has been called in to serve in the military. Ms. Laird No. I can't possibly be right. You're ignoring the rest of the statute. A military operation, action or hostility against an enemy of the United States or against an opposing military force. It's not just somebody that's called into operation in the military. Judge Dykes' hypo suggested the first guy was going on vacation. Is that is his vacation necessarily a military operation against a hostile for the United States? Of course not. Judge Knight Well, and again, so I think we have to distinguish between the person who's departing and the person who's being called in. I don't think the statute requires that the person departing what they do is a military operation. The question is the person that's coming in, what are they supporting? And so here I appreciate I'm not sure that's true, but you know, for example, if someone were called up, which of course happened to go to Afghanistan, that would be he would be participating in a military operation. He'd get the extra compensation, right? But if that person is not being deployed, then you have to say, well, he's nonetheless supporting a military operation because he's replacing somebody who's engaged in a military operation. Under my hypothetical, the person who was replacing was not doing that. The person was just going on vacation. So it seems to me that you can look at either one to support your idea that the statute has coverage, but if the person going in is not being deployed and he's not replacing somebody who's being deployed, then that's not how the statute would apply. Am I being clear about that? I do understand, Your Honor. And I do think that the hypothetical is an interesting one, although under the facts of this case, right, it's a situation where somebody was replacing someone who had deployed to a military operation. So it would be under your first hypothetical. But I do think that as we look through the language of the statute, it's pretty straightforward. And once again, it turns on what is a contingency operation. And I do think at the end of... I'm trying to get the breadth of your argument, is basically what I'm getting at. And would your argument go so far as to say replacing somebody who's going on vacation is participating in support of a contingency operation? Is replacing somebody that's going on vacation? Well, again, I think... Well, let me change the hypo a little. Somebody's in combat and they're sent on rest and recuperation leave for two weeks, or they're injured and they're sent to a hospital in Germany and somebody replaces them. They're replacing somebody who, in some sense, is going on vacation. Yeah. So I appreciate that, Judge Wallach. I think that that's exactly right. In that circumstance, that would certainly satisfy 101A.13. Because that replacement person is going directly into combat. Correct. And I want to return to a point Judge Moore made earlier. Wait, wait, wait. But there's no question about that. If the person who's being called up is going into combat, is going into a military operation, no question, the person is covered. And it would seem also if the person who's going in the military is replacing somebody who's being deployed, that also can arguably be in support of the military operation. But what about the situation in which neither one of those things is true and the person who is being called up is only replacing somebody who's going on vacation, a person who was not deployed and was just sitting here in Washington working on military housing in the Washington area? Does your argument go so far as to say that that person gets the extra compensation? Your Honor, I think that that is an interesting question, honestly, that one could argue both ways. And I think that reading the plain language of the statute, I do think the statute does focus on the person coming into service and that person's operation. What was the operation? Doesn't it depend on the complexity of the armed forces? I mean, so much of what the military does, the pointy end of the spear is only 10%. So much of what the military does is logistics, training, preparation, and all of those are in support of military operations. They have to be. So your person, your client, is somebody who's doing something along those lines. That's correct. Making the military work in wartime. Correct. And I want to focus, if we can, just very briefly on this language that was specifically chosen by Congress here at the end where it says, any other provision of law during a war. I think that really is the operative word, during, because this is during a time of exigency, right? It's necessarily during a time of national emergency. It's a time of national consequence. Yeah, but you still have to be in support of a contingency operation. So you have to be in support of something related to that war. Correct. And that's exactly right, Judge Moore. And the relationship that Congress chose was a temporal relationship. They said during. They did not require that it be, what in effect the Department of Defense is trying to argue is that it says during and in support of or during and directly caused by. But that's not what the language in the statute says. And I say this is consequential. I don't understand what you think in support of means. The person has to be called to active duty in support of a contingency operation. I don't, I'm just very confused. I feel like you didn't listen to Judge Dyke's hypothetical very well. I appreciate you're doing this pro bono. You wrote great briefs, but you're not listening. We are actually on your side and you're fighting us because you're not listening. Let me road map it really clearly for you. In support of, in my view, means it doesn't matter whether your guy is in support of. It's good enough if the guy leaving is clearly in support of the military operation, which in this case he was because he was going to Afghanistan. You don't have to win every case. You just have to win your case for your veteran. So if it's good enough, and that's why I can't get inside Judge Dyke's mind, but I have to imagine that I saw very clearly his hypothetical, but you did not. And the answer to his hypothetical should be, of course not Judge Dyke. If somebody's just leaving on vacation and somebody else gets called up, that's not in support of a contingent military operation, a national emergency, a wartime, whatever. But in this case, it absolutely is because that guy's going to Afghanistan. It doesn't matter whether my guy's going to Afghanistan. And that's what the in support of language. The in support of language allows you to distance yourself a little bit. You don't have to be the one going to Afghanistan, but you're doing this because someone is. Is that not good enough for you to win? No, I think that you're honest, Craig. I think the pertinent fact here is under the facts of this case, right, you're correct that under the facts of this case, but this is a statute we're interpreting for general purposes, right? And it's good enough for you to win, but it's not reality. And it's not reality because of the way the armed forces work. People go on vacation working in the Pentagon, and people are called up from the reserve and the National Guard to replace them. And it's in support of if that person's working on a job in support of a national emergency, then that person who's called up is working on a job in support of a national emergency. It's the way the system works. Oh, but let me respond to that. I wouldn't disagree at all because that would be a situation where the person called up is actually directly working on relevant matters for a national emergency. Your guy's not. There's no dispute that your guy isn't doing national emergency. He's not doing the stuff personally related to hostiles who are enemies of the United States. And that's okay because maybe the statute doesn't require him to. By no means did my interpretation exclude Judge Wallach's hypothetical because in his hypothetical, the guy called up would be absolutely working directly in support of all of those things. And that's correct, Your Honor. My concern is the same concern the government had, which is simply not interpreting the statute in a way that creates a scenario where every single military officer called to active duty since 9-11, just because we have had a declared state of national emergency since 9-11, is automatically entitled to what is clearly meant to be extra compensation for people that really are called up in support of a national emergency. I want to avoid an interpretation which I think results in this statute being way broader than what it was intended to be. Do you understand the concern I'm expressing? I absolutely understand. And if the court chooses to construe the statute in that way, then as the court noted, then Mr. O'Farrell would still be entitled to the benefits under the statutory provisions. I will note just two clarifying points very quickly for the judge. First of all, there are a variety of other provisions not in dispute in this case that Mr. O'Farrell satisfies that would provide a limitation beyond kind of a hyperbole statement. And that they include, for example, it has to be full-time military service. Sometimes that's in dispute. Don't waste your time. You're using it. So it's not merely this. I just want to make clear. It's not merely that somebody just gets called during. That's not the only limitation on the statute. The other is the service member has put in facts that his service in the NSWC did support contingent operations. I would refer to 322, where he makes those statements. I'll reserve the remainder of my time for a while. Thank you, Mr. Ashman. I'll give you two. Again, Mr. Pooley. Mr. Ashman? May it please the court. Your Honor, in order to be entitled to the 22-day- Mr. Ashman, when was the last time the United States was at war? A declared war by Congress, Your Honor. At war. We've been in open hostilities since at least 2001, Your Honor, with enemies under declared nationalities. Are there statutes in place in the United States which go into effect when the United States is actually at war? Well, this 101 or this leave benefit would- Says war or national emergency. Yes, Your Honor. 101A and 101B cover those two. Is the United States at war? It is. Your Honor, I'm not trying to be- Can the United States seize industries and nationalize them and direct them to produce certain products pursuant to the war powers of the President? I don't believe so, Your Honor. There's not a declared war by Congress. Congress has not declared war, so those powers would not be there, I don't believe. What I'm driving at is since 1946, I think, when we repealed those situations, we've been operating in Korea and in Vietnam and so on under the national emergency sections. Or under the authority of the President and his national emergency authorities under the Constitution. Your Honor, this provision, 101, the definition of military operation 101, it affords for both of these scenarios. Under 10113A, it does talk generally about operations that involve open hostilities with the enemy. 101B- If somebody's investigating allegations of war crimes at the Pentagon that are alleged to have been done by people who are being held at Guantanamo, are they doing that in support of military operations? Likely, Your Honor. Yes. Yes. If the military operation is in support of, say, the war on terrorism, a direct support of the war on terrorism, they're detaining terrorists, so that could likely be a military operation involved with that national emergency. Your Honor, I was going to point out that 101B just says national emergencies generally, so there could also be contingency operations that deal with natural disasters, civil unrest, those type of scenarios as well. If military personnel are deployed to Afghanistan and their families don't have housing at Fort Lee, it hasn't been built, and all of a sudden we do a ramp up on the number of troops and the government starts building housing for those families, is that housing in support of the national emergency, military operations? It could be, Your Honor, but an important point in the statute is also how the Department of Defense views the order that it's issuing to the individual, to the service member. In 6232B, it says, a call or order to active duty in support of the contingency operation. It's relevant to understand what was DOD's intent when they placed the person on active duty, and I believe that's why the administrative judge did focus on the orders, because that is a natural starting point to determine the intent. Actually, the orders in that respect are helpful to the veteran, because the order talks about being called up to provide support. Your Honor, the orders did not say in support of a contingency operation, and the agency did put into the record an example of another service member's orders who did specifically have that intention. What entity issued those orders? I'm sorry, Your Honor? What entity issued those orders? DOD issued those orders? Yes, Your Honor. They did cite the provision 12301D, which was the authority under which Mr. O'Farrell was called up. It's the provision that allows a member to be called up at their consent, but it did not indicate in this case, as it has in other cases, that Mr. O'Farrell is being called up to support a contingency operation. We agree with Mr. O'Farrell that that is not the end of the inquiry. If the orders do not say that, the service member could produce other evidence to show... Who's the person who prepared those orders? I'm not aware of the person who prepared the orders, Your Honor. I imagine it's an administrative process that's a direction to do it, and it's put out. The evidence the board judge keyed in on is you have an example of one service member whose orders did say contingency operation, so that is a standard procedure that the DOD uses when it intends to issue orders in support of a contingency operation. In this case, it did not. Can I ask you to back up just a moment here? We have this definition in Section 101 of contingency operation, and that's relevant here, but in what other areas is the term contingency operation used? In what other areas of the statute? What is the significance of the term? What is its utility in other respects? What does it define? For the leave purpose... No, no. I'm asking beyond the leave purpose. This is a general term, which as I understand it, is not used only to define the right to pay leave. It has many, many other uses in the statute, correct? What are those other uses? What is contingency operation used for in other areas? That could shed some light on its meaning. Your Honor, unfortunately, I'm not aware of the other uses of that term outside of the context of this statute. Your Honor, the issue the court is addressing is... Where's the order activating Lieutenant Carlisle? 2014. Where does it say Department of Defense on that? I apologize, Your Honor. It's the Department of the Army. It is the Department of the Army, and there's a difference, isn't there? The Department of the Army is a component of the Department of Defense, Your Honor. That's true. The Department of the Army activated him, right? Yes, Your Honor. Is the Army engaged in military operations? Yes, Your Honor. Against a hostile enemy? Yes, Your Honor. And activities in support of those military operations are anything that makes the Army function more effectively in combat. Is that not true? In its broadest sense, yes, Your Honor. In its broadest sense, that's what they teach in command and general staff school? I assume so, Your Honor. So we would also point out, however, that's been indicated earlier is that there's two leave benefits that are conferred in 6323B. There is an automatic leave benefit of 15 days that every service member gets. 6323B is something that's meant to be an additional in special circumstances. So a reading of contingency operation has to be consistent with that structure that this was meant to be special for special circumstances. The issue that we have and the Board have is that Mr. O'Farrell, while the specific fact that he replaced somebody who went to Afghanistan is in the record, there was no service. His service did, in fact, support a contingency operation. It was just he relied on the fact that he was on active duty, the fact that someone did go to Afghanistan, and the fact that there was an emergency at the same time. For instance, we don't know whether or not that person could have been deployed but for his active duty service. So that was not... Richie Young, I'm sure you don't know the expression from World War II, which my dad used to repeat, don't you know there's a war on? Maybe you've heard it. Yes, Your Honor. I have heard that. And what we're saying is... Still applies. Yes, Your Honor. And what we're saying is for the purpose of the special leave benefit, there has to be a connection and that connection has to be demonstrated in the record. And you've conceded the record shows that. We show that there is a fact that he did replace somebody who goes to Afghanistan. Right, and it's shown in the record. That's what you said had to be shown. But there's no... By showing, we also mean an argument of an explanation of, okay, well how did his service... How did that service support the operation? And that explanation was... Are you familiar... Tell me, are you aware of the section of the United States, 18 United States Code, to which I was referring when I asked your opposing counsel? I am, Your Honor. I'm not aware of the specific section that addresses criminal sanctions for discrimination based on active duty service. USERA does... Civil purposes, USERA does cover that. And so, Your Honor, the issue with... And to close, the issue with the board's decision. The board was troubled by the fact that the orders did not state contingency operation. And we agree that evidence can be produced outside of the orders. However, it's not certain that the board was making a legal determination. Under the statute, the orders had to say that. That statement did come after a discussion of the record evidence. And the board did note that the appellant did not... How is it that this individual is not replacing somebody in support of a military operation? Surely the person he replaced was participating in a military operation in Afghanistan, correct? Yes, Your Honor. So why isn't replacing him in support of a military operation? Your Honor, the fact that I raised that we don't know is... It was a naval installation. Was that person's deployment dependent upon finding a replacement? We don't know that. We don't know if the command could have sent him but for having a replacement. So there wouldn't have been a connection in that instance. So it's a but-for test? The support test is a but-for test? Well, Your Honor, that argument of what does support mean wasn't developed below the board. I'm asking now what it means. Why is this not in support of a military operation? The person who replaced went to Afghanistan. And the statute says in support of a military operation. Well, Your Honor, the record shows that Mr. O'Farrell was performing the general duties of a contract law office at a naval installation. Those duties would likely be the ongoing, whether there was open hostilities going on, whether there was a war going on. It's a naval surface warfare center. So contract law involving naval surface warfare would involve, for instance, replacing the shells that the frigates carry or the destroyer escorts or whatever it is carry in their work in the Persian Gulf. Would that be correct?  Your Honor, we'll close by acknowledging Mr. O'Farrell stated in his reply brief that if the board does conclude, or if the court does conclude that the board incorrectly made a legal determination about the requirements of the orders that under Chenery, the issue of was there support is a factual determination the board would need to make in the first instance. Unless there are any further questions, I respectfully request the court confirm the board's decision. Thank you. Mr. Cooley, you've got two minutes. Thank you, Your Honor. I just want to address a few quick points that were discussed. First of all, I think it was Judge Dyck asked the question where the terminology contingency operation is used. And based on our research, it's used in approximately 35 other statutory provisions. And it's specifically referred to by name as 101A13 contingency operation. I would refer to 5 U.S.C. 5742 as an example of that. And it's a good example because it explicitly imposes a directness requirement in that statute, a provision that's absent here. What are the other statutes where this term is used? Unfortunately, I don't have a full listing of them here. I just have an example. But I will note also that regarding the terminology and the usage of the term during, I would refer the court to 425F3D549. This speaks to the executive's usage of this sort of language to call people into duty. And it seems only fair that that same scope should be applied on the other side when applying benefits. Is it your argument that everyone who's called up to active duty, no matter what the purpose or point of their particular call is, if the branch of service in which they will be called into is itself engaged in military conflict or there is a national emergency, that every single person called to active duty is automatically entitled to not just the standard 15 days, but the extra 22 days? Is it your view that the statute gives every single person called to active duty, regardless of the purpose of the work they will be doing, regardless of who they will be replacing, automatic entitlement simply by virtue of being called up, they happen to be called into the Army at a time when the Army itself is engaged in warfare? I understand the question, Your Honor, and I do agree that the language military operation is there and does have to be an operation of the military. So it couldn't be any kind of activity. I would agree that that would be reaching too far. I think the third point relates, that I want to make, relates to waiver that the agency has raised. And I would refer the Court to the briefing that I mentioned before where Mr. O'Farrell does note that he was engaged with NSWC, which is engaged in military operations and contingency operations around the world. So he did make a direct statement. And also in that same brief, he talks about operation, enduring freedom in the factual discussion. The fourth point is the agency has stated several times that there does not have to be a connection. We would disagree. There does have to be a connection. It's just a temporal one. The word during is used to impose a temporal connection. That's the explicit language used in the statute. Okay. I think we're about out of time. All right. Thank you, Your Honor. Okay. Thank you, Mr. Killey. Thank both counsel. The case is submitted.